**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

MATHEUS MALTA DE SA,

      Petitioner,

      v.

KRISTI NOEM, *et al.*,

      Respondents.

Case No. 2:26-cv-00594-RFB-MDC

**ORDER**

Before the Court is Petitioner Matheus Malta De Sa's First Amended Petition (ECF No. 8). Through his petition and subsequent pleadings, Petitioner challenges his continued civil detention by Respondents—which has, to-date, spanned over three years—violates both due process and the Immigration and Nationality Act ("INA"). For the foregoing reasons, the Court grants Mr. Malta De Sa's Petition, ordering his immediate release.

## I.   JURISDICTION

The Constitution guarantees the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl.2). "Its province, shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person." Carafas v. LaVallee, 391 U.S. 234, 238 (1968) (citations omitted). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001) (citations omitted), superseded by statute on other grounds as stated in Nasrallah v. Barr, 590 U.S. 573, 580 (2020). Accordingly, this Court has jurisdiction to grant writs of habeas corpus in the immigration context to noncitizens who are being detained "in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Trump v. J.G.G., 604 U.S. 670, 672 (2025) (clarifying that an immigration detainee's challenge to their confinement, and removal, falls "within the 'core' of the writ of habeas corpus") (per curiam) (citations and quotation marks omitted); see also Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention . . . ."); see also Zadvydas v. Davis, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

Respondents challenge this Court's jurisdiction over the instant matter, arguing that the Court lacks jurisdiction to review a non-citizen's final order of removal under 8 U.S.C. §§ 1252(a)(5), (b), (g). See ECF No. 10 at 5–9 [hereinafter, "Opposition"]. However, as explained in greater depth below, infra Part III, those arguments are in error and misplaced, as Petitioner does not have a final order of removal. Moreover, this Court has repeatedly found that these jurisdiction-stripping provisions of the INA do not apply to challenges such as Petitioner's, which concerns a challenge to detention—not a challenge to an order of removal; the Court incorporates its prior findings and reasoning on this matter by reference herein. Escobar Salgado v. Mattos, 809 F. Supp. 3d 1123, 1141–1143 (D. Nev. 2025). The Court thus retains jurisdiction to consider this matter pursuant to its habeas authority under 28 U.S.C. § 2241.

## II.    STATUTORY SCHEME

By way of background, the Immigration and Nationality Act ("INA") provides a "complex statutory framework of detention authority." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008) [hereinafter, "Prieto"]. Specifically, four statutes empower the government "to detain non-citizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a)." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023) (footnotes omitted) (citation modified). A non-citizen's place within this web of statutes is significant as it "can affect whether [their] detention is mandatory or discretionary, as well as the kind of review process available to [them] if [they] wish[ ] to" challenge their detention. See id. (citation omitted). In the instant case, Respondents exclusively invoke § 1231(a) to justify Petitioner's detention and

support their claim that his detention is mandatory in nature. See generally Opposition. As such, § 1231(a) is the only provision of the INA relevant to this case.

**A.  Section 1231(a)**

Section 1231(a) governs the detention of non-citizens who are subject to final orders of removal. See 8 U.S.C. § 1231(a); see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197 (9th Cir. 2022) (citing Jennings v. Rodriguez, 583 U.S. 281, 298 (2018)) (clarifying that § 1231(a) supplies DHS's detention authority once a non-citizen is subject to a final removal order). When a non-citizen "is ordered removed, [the Department of Homeland Security ("DHS")] must physically remove [them] from the United States within a 90-day 'removal period.'" Johnson v. Guzman Chavez, 594 U.S. 523, 528 (2021) (quoting 8 U.S.C. § 1231(a)(1)(A)). During this period, "detention is mandatory." Id. (citing § 1231(a)(2)). A non-citizen's removal period begins on the latest of three dates: (1) when their removal order becomes *administratively final*; (2) when a court that stayed deportation enters a final order regarding their deportation; or (3) when they are released from non-immigration detention. See 8 U.S.C. § 1231(a)(1)(B); see also Guzman Chavez, 594 U.S. at 528 (citing 8 U.S.C. § 1231(a)(1)(B)).

As soon as a non-citizen's removal period lapses, they must be released subject to supervision, see 8 U.S.C. § 1231(a)(3), unless they fall into one of four statutory categories. See 8 U.S.C. § 1231(a)(6); see also Zadvydas v. Davis, 533 U.S. 678, 688 (2001) (citations omitted) ("The post-removal-period detention statute applies to certain categories of [non-citizens]."). Pursuant to § 1231(a)(6), DHS may continue to detain a non-citizen who is: (1) inadmissible; (2) removable under certain provisions of § 1227(a); (3) a risk to the community; or (4) unlikely to comply with their removal order. See Johnson v. Arteaga-Martinez, 596 U.S. 573, 579 (2022) (quoting 8 U.S.C. § 1231(a)(6)). "Continued detention under this provision [triggers] the 'post-removal period.'" Guzman Chavez, 594 U.S. at 529.

**III.   DISCUSSION[1]**

---

[1] The Court's determinations are predicated upon the Parties' factual allegations and the evidence they supply. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950) (describing the factfinding process in habeas corpus proceedings).

### A.  Applicability of Section 1231(a)

With this in mind, the Court considers whether Petitioner is subject to mandatory detention pursuant to § 1231(a), as Respondents argue there is "no dispute Petitioner is subject to a final order of removal." Opposition at 9. However, Respondents' bold assertion (i.) is in error, as that is the singular dispute posed to this Court, and (ii.) runs contrary to binding Ninth Circuit precedent.

Respondents fail to reckon with binding Ninth Circuit precedent that squarely addresses this issue. In Prieto, the Ninth Circuit stated that "when a court of appeals issues a stay of removal pending its decision on a [noncitizen's] petition for review of his removal order, the removal period begins only after the court denies the petition and withdraws the stay of removal." 534 F.2d at 1059. Like the petitioner in Prieto, Mr. Malta De Sa has a petition for review of his removal order presently pending with the Ninth Circuit, and his removal has been stayed by that Court. See Case No. 26-1057, ECF Nos. 1, 4. Thus, Petitioner's detention categorically cannot be sustained under § 1231(a), because he is not subject to a final order of removal under Ninth Circuit law.

### B.  Due Process

The Court now turns to the constitutionality of Petitioner's confinement. Outside of the criminal context, government detention violates the substantive component of the due process clause "unless the detention is ordered . . . in certain special and narrow nonpunitive circumstances, . . . where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." Zadvydas v. Davis, 533 U.S. 678, 690 (2001) (citations and quotation marks omitted). Respondents have failed to assert any individualized justification—let alone a special or compelling justification—for depriving Petitioner of his freedom, a deprivation that has been ongoing for years. See generally Opposition. Accordingly, the Court finds that Petitioner's detention, which Respondents seemingly allege may continue in perpetuity, also violates his right to substantive due process.

For the foregoing reasons, the Court has little difficulty concluding that Petitioner's right to due process has been violated by Respondents, and his detention is, therefore, unconstitutional.

### C.  Scope of Relief

Petitioner requests relief in the form of immediate release. Because Respondents have failed to provide any lawful authority that permits Petitioner's prolonged detention, and egregiously violated his due process rights in doing so, the Court finds immediate relief is the appropriate remedy in the face of these statutory and constitutional violations.

## IV.    CONCLUSION

Therefore, **IT IS HEREBY ORDERED** Petitioner's Amended Petition (ECF No. 8) is **GRANTED**. Defendants must **IMMEDIATELY RELEASE** Petitioner from detention on his own recognizance, **but by no later** than **12:00 P.M. on April 16, 2026**. This means Respondents are **PROHIBITED** from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

Finally, pursuant  to Federal  Rule  of  Civil  Procedure  25(d), **IT  IS  FURTHER ORDERED** that  the  current  Secretary  of  Homeland  Security—Markwayne  Mullin— is **SUBSTITUTED** for Respondent Kristi Noem. The Clerk of Court is kindly instructed to update the docket accordingly.

The Clerk of Court is further instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this  case  to  enforce  the  judgment  without  filing  a  separate  case.  The  Court also retains jurisdiction to consider Petitioner's request for fees and costs pursuant to 28 U.S.C. § 2412. Petitioner may file an application for fees and costs consistent with the deadlines and requirements set forth in 28 U.S.C. § 2412 and this Court's Local Rules of Practice 54-1 and 54-14.

**DATED:** April 15, 2026.



    **RICHARD F. BOULWARE, II**
    **UNITED STATES DISTRICT JUDGE**