**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

MATHEUS MALTA DE SA,

      Petitioner,

      v.

KRISTI NOEM, *et al*.,

      Respondents.

Case No. 2:26-cv-00594-RFB-MDC

**ORDER ENFORCING WRIT OF HABEAS CORPUS (ECF No. 14)**

Pending before the Court is Petitioner Matheus Malta De Sa's (ECF No. 20 [hereinafter, "Motion to Enforce"]) motion to reopen this case and enforce the Court's April 15, 2026 (ECF No. 14) Order Granting Petitioner a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In its Order, the Court ordered Petitioner be immediately released from Respondents' custody on his own recognizance and prohibited Respondents "from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing." See April 15, 2026 Order Granting Writ of Habeas Corpus at 5 [hereinafter, "Order Granting Writ"], ECF No. 14. For the following reasons, the Court finds Federal Respondents have failed to comply with this Court's Order and Judgment. Therefore, the Court grants Petitioner's Motion to Enforce, enjoins Federal Respondents from imposing any further conditions of release without leave from this Court, vacates their unlawful, unilaterally imposed Order of Supervision ("OSUP") and the conditions therein, and orders Federal Respondents reimburse Petitioner accordingly.

In its prior Order, the Court found that Respondents had asserted no lawful authority to

detain Petitioner and had violated Petitioner's due process rights for years, necessitating his immediate release. See Order Granting Writ at 4–5. Federal Respondents' ongoing statutory and constitutional violations as to Petitioner provided the basis for the Court's finding that immediate release on personal recognizance was the sole appropriate remedy for Petitioner's prolonged detention. See id. at 5.

Disturbingly, this Court's Order apparently did not deter Federal Respondents from continuing to egregiously violate Petitioner's rights. Despite the Court's Order requiring Petitioner's release on personal recognizance, later that same day, U.S. Immigration and Customs Enforcement ("ICE") and the Department of Homeland Security ("DHS")—federal agencies under the control of and operated by Federal Respondents—unilaterally issued an OSUP that the Court finds (1) is premised on legal error directly at odds with the Court's findings (and the Immigration and Nationality Act itself), and (2) imposes conditions that constitute a significant constraint on Petitioner's liberty without establishing the reasonableness of said conditions at a pre-deprivation hearing, in clear violation of the Court's Order.

Petitioner filed a status report on April 22, 2026, indicating that Federal Respondents had acted in violation of the Court's Order in the following ways:

1. The OSUP was erroneously issued because it is based on a supposed final order of removal, despite this Court's determination that Petitioner is not subject to a final order of removal.
2. The OSUP includes a condition that Petitioner be enrolled in electronic monitoring through the Alternatives to Detention program.
3. The OSUP included a condition that Petitioner register in a substance abuse program within 14 days, despite not having any convictions for controlled substances offenses.
4. The OSUP included a condition that Petitioner register in a "sexual deviancy" counseling program within 14 days, despite not having any convictions for sex offenses.

See April 22 Status Report, ECF No. 18; Motion to Enforce at 2. The OSUP itself was attached to said status report. See ICE Order of Supervision, ECF No. 18-4 [hereinafter, "OSUP"]. Upon receipt of Petitioner's subsequent Motion to Enforce, which sought enforcement of the Court's prior order on this basis, the Court set an expedited briefing schedule. See Motion to Enforce; see also Scheduling Order, ECF No. 21. In their four-sentence Response, Federal Respondents did not

contest any of the facts asserted by Petitioner, nor did they defend the OSUP in any meaningful way. Respondents only indicated their position that "Petitioner is subject to certain conditions of release such as regular check-ins and the possibility of ATD programs that is not clear if they have been determined or implemented." Response to Mot. to Enforce at 1, ECF No. 23.

The Court agrees with Petitioner that this OSUP and the conditions therein run afoul of this Court's Order. As the Court has already found, Federal Respondents' singular asserted basis for Petitioner's detention was unlawful. In summary, Federal Respondents asserted that Petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1231(a), but under Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008), because Mr. Malta De Sa has a petition for review of his removal order presently pending with the Ninth Circuit, and his removal has been stayed by that Court, his "detention categorically cannot be sustained under § 1231(a), because he is not subject to a final order of removal." See Order Granting Writ at 2–4. On that basis, the OSUP, which is premised on a "Final Order," was issued in legal error. See OSUP at 2. Therefore, the Court finds the OSUP, and the conditions therein, are void.

Furthermore, the specific condition that Petitioner be enrolled in electronic monitoring through the Alternatives to Detention program violates this Court's Order. Electronic monitoring is specifically mentioned in the Court's Order as a condition that would substantially interfere with Petitioner's liberty, necessitating a pre-deprivation hearing where the reasonableness of such a condition must be shown by clear and convincing evidence before it may be imposed. See Order Granting Writ at 5. In addition, the Court finds unlawful—and troubling—the requirements that Petitioner attend programs for substance abuse and "sexual deviancy" when, based on the undisputed facts offered by Petitioner, he has never been convicted of any controlled substances offenses or sex offenses. Because of time and costs associated with these programs, the Court finds these conditions also constitute substantial interferences with Petitioner's liberty, which, to be imposed, would require Federal Respondents prove their reasonableness by clear and convincing evidence, in accordance with this Court's Order. See Petitioner's Reply in Support of Mot. to Enforce at 2–3, ECF No. 24 (indicating that, as of May 6, 2026, Petitioner had already spent $306 on registration fees for these programs, and the cost of each individual session is expected to be

$65, constituting a significant financial hardship for an individual who has just re-entered society after having been in ICE detention for three years).

With this in mind, the Court clarifies, yet again, that personal recognizance means release *without conditions* during the pendency of removal proceedings (other than that Petitioner is required to appear for any future hearings scheduled in those proceedings). The Court further finds these release conditions, coupled with the threat of nonjudicial rearrest and re-detention by ICE, which Federal Respondents unilaterally imposed despite never presenting evidence or argument that Petitioner was a flight risk or dangerous, violate this Court's Order, and constitute significant constraints on Petitioner's liberty such that he is still "in custody" for purposes of § 2241. See Munoz v. Smith, 17 F.4th 1237, 1241 (9th Cir. 2021). Furthermore, DHS and ICE's assertion of authority to unilaterally arrest and re-detain Petitioner, without a pre-deprivation hearing, if he violates any of these restrictive conditions, see OSUP at 2 ("Failure to comply with the requirements of the ATD program will result in a redetermination of your release conditions or your arrest and detention."), is in error: if this Court instructs DHS and ICE that they may not re-arrest and re-detain Petitioner, or may not impose certain conditions without following specified procedures, they must heed that order.

For the foregoing reasons, Petitioner's (ECF No. 20) Motion is **GRANTED**. This matter is **REOPENED,** and the Court **ENFORCES** its April 15, 2026 Order as follows:

1.  The Order of Supervision issued on April 15, 2026 as to Petitioner (ECF No. 18-4) and all release conditions therein are **IMMEDIATELY VACATED**;

2.  Federal Respondents are **ENJOINED** from imposing **ANY** release conditions on Petitioner without leave of this Court;

3.  **As soon as practicable**, Petitioner is instructed to present a physical copy of this Order at the Las Vegas ICE Office. ICE is **ORDERED** to remove any and all monitoring devices from Petitioner and accept the return of all electronic surveillance equipment;

4.  Federal Respondents are **ORDERED** to reimburse Petitioner for all costs associated with the substance abuse and sexual deviancy counseling programs, as these conditions were imposed via an OSUP premised on legal error and in violation of Court order;

- 4 -

**5.** Federal Respondents must ensure full compliance with this Order by no later than **May 22, 2026, except the Court will allow up to 45 days for Petitioner to be reimbursed.**

IT IS FURTHER ORDERED that the parties must file a **JOINT STATUS REPORT** certifying Federal Respondents' **full compliance** with this Order by **May 22, 2026**. This case will remain open pending further order of the Court.

**DATED:** May 19, 2026.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**